Clearwater Savings Loan Association filed amended bill to foreclose a mortgage of $6,500.00 *Page 86 
given by Wisinger and wife to the complainant. The mortgage was dated September 22, 1925, and filed September 30, 1925. The defendant, Paxton-Pavey Lumber Company of Florida, on May 31, 1928, filed answer and prayed affirmative relief on account of an alleged material-man's lien based upon an indebtedness for material furnished in the sum of $2,540.67. It is alleged that the first delivery of material occurred on September 25, 1925, and that the deliveries of material continued until March 20, 1926. It was alleged that notice of such lien was filed in the office of the clerk of the circuit court of Pinellas County on May 4, 1926. Rehbaum, Jr., trading as West Coast Hardware Company, on June 4, 1928, answered, praying for affirmative relief. Wiggins on June 16, 1928, answered, praying for affirmative relief but offered no proof at the trial. Knapp and Guaranty Title Trust Company on July 2, 1928, filed replies to the answers of Paxton-Pavey Lumber Company of Florida and set up claim of ownership of a mortgage in the sum of $2,300.00, which mortgage was recorded September 29, 1925, but which mortgage although alleged to be a purchase money mortgage, was alleged to have been subordinated to the mortgage upon which the bill to foreclose was based. These defendants claimed superiority to all other liens. In this answer affirmative relief for the foreclosure of this mortgage was also prayed.
A decree found the equities to be with the complainant, decreed foreclosure of the property and, amongst other things decreed priority of liens as follows:

Order of Amount
Priority Name of Lien Holder of Lien
First Clearwater Savings and Loan
 Association .................... $3,275.47
Second Paxton-Pavey Lumber Company of
 Florida ........................ 759.14
 *Page 87 
Third Clearwater Savings and Loan
 Association ..................... 5,576.88
Fourth Guaranty Title and Trust Company, a
 Corporation, as Trustee 2,977.70
Fifth W. F. Rehbaum, Jr., trading as West
 Coast Hardware Company 632.26

The priorities as between Clearwater Savings and Loan Association and Guaranty Title and Trust Company, a corporation, as trustee, are properly decreed, but neither Paxton-Pavey Lumber Company of Florida nor Rehbaum, Jr., trading as West Coast Hardware Company, were entitled to a decree for any sum whatever, as any lien ever accuring on behalf of either of these parties had been extinguished by the running of time, inasmuch as the action for recovery here made by prayer for affirmative relief contained in an answer was not filed within one year after the record of the notice of lien in either case, nor within one year after the furnishing of the last material for which the lien is claimed. See Weaver-Loughridge Lumber Company, doing business as Pinellas Lumber Company, v. W. A. Hopson, opinion filed at this term of the Court.
For the reason stated and on authority of the opinion in Weaver-Loughridge Lumber Company, doing business as Pinellas Lumber Company, v. Hobson, supra, the decree should be reversed in so far as it decreed a lien in favor of Paxton-Pavey Lumber Company and a lien in favor of W. F. Rehbaum, Jr., trading as West Coast Hardware Company. In other respects the decree should be affirmed and the costs of the appeal should be taxed against Paxton-Pavey Lumber Company. It is so ordered.
Reversed in part.
WHITFIELD, P. J., AND STRUM, J., concur.
TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment. *Page 88